## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM SCHLICHTIG** | : | **Case No.** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ENHANCED RECOVERY** | : | **CIVIL COMPLAINT** |
| **COMPANY, LLC** | : | |
| **&** | : | |
| **COMCAST CABLE** | : | |
| **COMMUNICATIONS, LLC** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |
| | : | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, William Schlichtig, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.       Plaintiff, William Schlichtig, is an adult natural person and he brings this action for actual and statutory damages and other relief against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA," 73 Pa. C.S. § 2270.1 et seq.), and Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., all of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.       Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this district is proper in that the Plaintiff resides in this District.

### III.  <u>PARTIES</u>

4.      Plaintiff, William Schlichtig (hereinafter referred to as "Plaintiff") is an adult natural person residing at 847 Jordan Road, West Chester, Pennsylvania 19382.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.      Defendant, Enhanced Recovery Company, LLC (hereinafter referred to as "Defendant ERC") at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania and the state of Florida with a registered agent located at 1200 South Pine Island Road, Plantation, Florida 33324.

6.      Defendant, Comcast Cable Communications, LLC (hereinafter referred to as "Defendant Comcast") at all times relevant hereto, is and was a limited liability company engaged in the business of selling internet, phone, and cable television services within but not limited to the Commonwealth of Pennsylvania with an address of 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.

7.      Defendant ERC engages in the collection of debts from consumers using the telephone and mail.  Defendant ERC is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6).

### IV.  <u>FACTUAL ALLEGATIONS</u>

8.      Plaintiff had services with Defendant Comcast installed on August 21, 2015.

9.      Plaintiff cancelled services on September 3, 2015 before receiving any bill.

10.     Plaintiff had services with Defendant Comcast for thirteen (13) days.

11.     Plaintiff cancelled service within Defendant Comcast's "Thirty Day Money Back Guarantee."

12.     Plaintiff returned all equipment to Defendant Comcast and said equipment was received by said Defendant.

13.     Plaintiff was advised by Defendant Comcast that he did not owe any monies to said Defendant.

14.     After being advised that Plaintiff didn't owe any additional money to Defendant Comcast, Eastern Account System of Connecticut, Inc., acting on behalf of and as an agent for Defendant Comcast, subsequently alleged that Plaintiff owed $67.78 for the above-referenced account.

15.     This alleged balance of $67.78 is for charges which were somehow incurred in error after the account was disconnected, and the same was acknowledged by Defendant Comcast.

16.     This amount is not authorized by any agreement with Plaintiff nor permitted by law and was a deceptive representation as to the alleged amount owed on an alleged debt.

17.     The attempts to collect the alleged balance constitutes a false, deceptive and misleading representation as to Plaintiff's alleged debt.

18.     Plaintiff was advised by Defendant Comcast to disregard this correspondence from Eastern Account System of Connecticut, Inc. and that Defendant Comcast would take care of it.

19.     After being advised that Plaintiff didn't owe any additional money to Defendant Comcast, Defendant ERC, acting on behalf of and as an agent for Defendant Comcast,

subsequently sent correspondence dated October 26, 2016 to Plaintiff alleging that Plaintiff owed $67.78 for the above-referenced account.

20.     This alleged balance of $67.78 is for charges which were somehow incurred in error after the account was disconnected, and the same was acknowledged by Defendant Comcast.

21.     This amount is not authorized by any agreement with Plaintiff nor permitted by law and was a deceptive representation as to the alleged amount owed on an alleged debt.

22.     The attempts to collect the alleged balance constitutes a false, deceptive and misleading representation as to Plaintiff's alleged debt.

23.     To date, Defendant ERC has not furnished credit data regarding this alleged debt to any credit reporting agency, but Plaintiff lives in fear that said Defendant will do so.

24.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26.     Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendant ERC could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27.     At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

28.     At all times pertinent hereto, the conduct of the Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA
*Plaintiff v. Enhanced Recovery Company, LLC*

30.     The above paragraphs are hereby incorporated herein by reference.

31.     At all times relevant hereto, Defendant ERC was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

32.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692e:          Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e (2):      Character, amount, or legal status of the alleged debt.

§§ 1692e (10):     Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:     Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692f (1):     Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant ERC, for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)
*Plaintiff v. All Defendants*

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

35.     The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

36.     The FCEUA proscribes, _inter alia_, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

37.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

38.     Violations of the FDCPA is a _per se_ violation of the FCEUA and the UTPCPL.

39.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

40.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorney's fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
### *Plaintiff v. All Defendants*

41.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.     Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

43.     The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

44.     The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.     Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status, 73 Pa. C.S. § 201-3.1;

b.     Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.     Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

45.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

46.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**


**Date:  December 14, 2016**                    **BY:*/s/ Brent F. Vullings***
                                                Brent F. Vullings, Esquire
                                                Vullings Law Group, LLC
                                                3953 Ridge Pike
                                                Suite 102
                                                Collegeville, PA  19426
                                                610-489-6060; 610-489-1997 fax
                                                bvullings@vullingslaw.com
                                                Attorney for Plaintiff